No. 09-4206

In the

# United States Court of Appeals
## for the Sixth Circuit

———————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANTWAN WOODS,

*Defendant-Appellant.*

———————

On Appeal from the United States District Court
for the Southern District of Ohio
No. 2:95-cr-00044 (Smith, J.)

———————

BRIEF FOR PLAINTIFF-APPELLEE UNITED STATES

———————

For the Appellee:

CARTER M. STEWART
United States Attorney

WILLIAM E. HUNT
First Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio  45202
513-684-3711
William.Hunt@usdoj.gov

# TABLE OF CONTENTS

Page

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of the Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Argument:

      The district court did not abuse its discretion when it granted Woods' § 3582 motion but limited the reduction of sentence to a proportionate sentence in the adjusted guideline range. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Designation of Relevant District Court Documents.. . . . . . . . . . . . . . . 13

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

Cases:                                                                   Page(s)

*Dillon v. United States*, 130 S.Ct. 797 (Dec. 7, 2009). . . . . . . . . . . . . . . . 11

*Kimbrough v. United States*, 128 S.Ct. 558 (2007).. . . . . . . . . . . . 7, 10, 11

*Logan v. Dayton Hudson Corp.*, 865 F.2d 789 (6th Cir. 1989). . . . . . . . 10

*Spears v. United States*, 129 S.Ct. 840 (2009). . . . . . . . . . . . . . . 7, 10-11

*United States v. Brown*, 332 F.3d 1341 (11th Cir. 2003). . . . . . . . . . . . . 7

*United States v. Carter*, 500 F.3d 486 (6th Cir. 2007). . . . . . . . . . . . . . . 1

*United States v. City of Warren, Michigan*, 138 F.3d 1083
(6th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Dillon*, 572 F.3d 146 (3d Cir. 2009). . . . . . . . . . . . . . . 11

*United States v. Gibbs*, 182 F.3d 408 (6th Cir. 1999). . . . . . . . . . . . . . . . 3

*United States v. Hough*, 276 F.3d 884 (6th Cir. 2002).. . . . . . . . . . . . . . . 3

*United States v. Lovins*, 993 F.2d 1244 (6th Cir. 1993). . . . . . . . . . . . . . 8

*United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009). . . . . . . . . . . . . . 9

*United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004). . . . . . . . . . . . . . 7

*United States v. Ursery*, 109 F.3d 1129 (6th Cir. 1997). . . . . . . . . . . . . . 8

*United States v. Vautier*, 144 F.3d 756 (11th Cir. 1998). . . . . . . . . . . . . 8

*United States v. Washington*, 584 F.3d 693 (6th Cir. 2009). . . . . . 8, 9, 11

## TABLE OF AUTHORITIES
## (continued)

Statutes:                                                                    Page(s)

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3582(c)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 11

18 U.S.C. § 3742. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1


Other authority:

Fed.R.App.P. 4(b).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Sixth Circuit Rule 34, the government believes the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

## STATEMENT OF JURISDICTION

This is a direct appeal from a final decision of the district court entered August 20, 2009 in a criminal case. (R. 1775: Order).

Woods' notice of appeal, filed September 28, 2009, appeared to be late. (R. 1780: Notice of Appeal). This Court ordered Woods to show cause why his appeal should not be dismissed for failure to comply with Fed.R.App.P. 4(b). The Court then remanded Woods' case to the district court for the purpose of considering the notice of appeal as a motion for extension of time. (R. 1784: Order). The district court did so and, on January 20, 2010, granted Woods' a Rule 4(b)(4) extension of time. (R. 1786: Order). This Court granted jurisdiction over Woods' appeal on March 11, 2010.

Appellate jurisdiction lies pursuant to 28 U.S.C. § 1291. *United States v. Carter*, 500 F.3d 486, 488 (6th Cir. 2007). The district court's jurisdiction rests on 18 U.S.C. §§ 3231 and 3582(c)(2).

## ISSUE PRESENTED

Whether the district court abused its discretion when it granted Woods' § 3582 motion and reduced his sentence, limiting the extent of the reduction in accordance with the Sentencing Commission's Policy Statements.

## STATEMENT OF THE CASE

Antwan Woods was originally convicted and sentenced on April 4, 1996 in the Southern District of Ohio to 480 months' imprisonment for crack-cocaine-related offenses. He filed a notice of appeal, and his conviction on one count was reversed. *United States v. Gibbs,* 182 F.3d 408 (6th Cir. 1999). He was resentenced on April 27, 2000 to 396 months' imprisonment. He filed a notice of appeal of his new sentence, and his conviction was affirmed. *United States v. Hough,* 276 F.3d 884 (6th Cir. 2002).

Woods' motion for reduction of sentence was filed March 17, 2008. (R. 1733: Motion). The government responded, opposing his motion for reduction of sentence, on April 17, 2008. (R. 1738: Response). Woods filed a reply April 9, 2009. (R. 1769: Reply). The court granted his motion on August 20, 2009. (R. 1775: Order). Woods' notice of appeal was determined to be timely filed. (R. 1780: Notice of Appeal).

## STATEMENT OF THE FACTS

Woods was convicted of conspiracy to distribute and possession with intent to distribute cocaine and cocaine base (crack), distribution of crack cocaine on July 15, 1994, and possession of crack cocaine with intent to distribute on September 2, 1994. He was sentenced to 396 months in prison, based on an offense level 38 and criminal history category VI.

Southern District of Ohio General Order No. 08-02, signed February 11, 2008, appointed the Federal Public Defender to represent the interests of all federal prisoners previously sentenced in the District who may be eligible for sentence reductions pursuant to the amended and retroactive crack cocaine sentencing guidelines. General Order No. 08-03, filed February 22, 2008, and signed by all District Court Judges, established a review procedure whereby the Probation Department, the Public Defender, and the U.S. Attorney's Office would meet to provide the court with a recommendation on whether a particular defendant was eligible for a reduction as a matter of law, and if so, whether a reduction was agreed upon, or disputed. In Woods' case, it was determined that he was eligible for a reduction, but the

U.S. Attorney asked the court to consider public safety factors prior to the reduction being granted in his case. (R. 1738: Response).

The court, however, granted Woods' motion, finding him eligible for the reduction, and lowered his guideline level from 38 to 36. Woods' previous sentence of 396 months was proportionally reduced to the same point of level 36 which was 360 months. Woods' appeal seeks a lower sentence.

## SUMMARY OF THE ARGUMENT

After considering the written motions, which noted the government's objection, the district court did not make a "clear error in judgment" by proportionally reducing Woods' sentence in accordance with Amendment 706 and the Sentencing Commission's Policy Statements.

# ARGUMENT

The district court did not abuse its discretion when it granted Woods' § 3582 motion but limited the reduction of sentence to a proportionate sentence in the adjusted guideline range.

## A.  Standard of Review

Courts of Appeals review a district court's decision whether to reduce a defendant's sentence based on a subsequent change in the Sentencing Guidelines for abuse of discretion. *United States v. Peveler*, 359 F.3d 369, 373 (6th Cir. 2004); *United States v. Brown*, 332 F.3d 1341 (11th Cir. 2003).

## B.  Argument

Woods seeks appellate review of his § 3582 adjusted sentence. He claims the district court failed to apply § 3553(a), *Kimbrough v. United States*, and *Spears v. United States*. Appellate review of sentences is governed by 18 U.S.C. § 3742. An appeal must fit one of the categories listed in that statute. Section 3742 limits appeals to sentences imposed in violation of the law, the result of an incorrect application of the guidelines, or to an upward departure from the appropriate range. Accordingly, a defendant cannot successfully appeal a sentence, such as

the one in this case, that was within the correct guideline range. *United States v. Lovins*, 993 F.2d 1244 (6th Cir. 1993). Review of a sentence modified under § 3582 should be no different. Title 18 U.S.C. § 3582(c)(2) reads, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (emphasis added). The grant of authority to the district court to reduce a term of imprisonment is clearly discretionary. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997); *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

It is also clear that Congress has cabined the extent of that discretion to the parameters set forth in the applicable Sentencing Guideline Policy Statements. *United States v. Washington*, 584 F.3d 693 (6th Cir. 2009). The question in *Washington* was whether a district court, in modifying a sentence pursuant to § 3582(c)(2), has authority to

reduce a sentence beyond the retroactive United States Sentencing Guidelines amendment range. The Court in *Washington* determined that a district court does not, and is limited to a reduction within, or proportional to, the retroactive guideline range. In Woods' case, the court's reduction was proportionally within the adjusted range, and clearly within the court's discretion. While it is clear that the district court could have reduced Woods' sentence to the bottom of that range and still have complied with the ruling in *Washington*, it was not required to do so. In making its determination, the court stated that it considered the statutory sentencing factors set forth in § 3553(a) when it arrived at an appropriate sentence within the adjusted guideline range. (R. 1775: Order).

"A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009). There is no basis in the record to conclude that the district court applied an incorrect legal standard, that it made erroneous findings of fact, or that it failed to apply its sound discretion

to Woods' case. There was no "clear error of judgment" as defined in *United States v. City of Warren, Michigan*, 138 F.3d 1083, 1095 (6th Cir. 1998), citing *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989).

The extent of Woods' reduction in sentence was also within the district court's discretion and was entirely appropriate. Woods' previous offense level was 38. With a criminal history category of VI, his sentencing guideline range before the amendment was 360 months to life. His 396-month sentence was, accordingly, within that range. After the amendment, Woods' guideline level was reduced to 36. At criminal history category VI, his sentencing guideline range became 324 to 405 months. His new sentence of 360 months falls proportionately within the new range.

Woods' hopes that recent Supreme Court decisions help his case, but they do not. *Kimbrough v. United States*, 128 S.Ct. 558 (2007), applied a straight § 3553(a) analysis to justify a variance from the sentencing guidelines without adopting or approving any specific alternative crack-to-powder cocaine ratio. *Spears v. United States*, 129

S.Ct. 840 (2009), applied *Kimbrough* to authorize a district court to vary from the existing crack cocaine guidelines based on a policy disagreement and not simply based on an individualized determination that they yielded an excessive sentence in a particular case. Based on these decisions, a district court at an original sentencing now has the authority to replace the existing ratio with its own ratio based on the "unwarranted disparity" language in 18 U.S.C. § 3553(a) if it chooses to do so. None of this applies to the limited resentencing window offered by § 3582(c)(2), the policy statements set forth by § 1B1.10, current Circuit law pronounced in *United States v. Washington, supra.*[1], or to the facts of Woods' case.

---

[1] The holding in *Washington* may be affected by *United States v. Dillon*, 572 F.3d 146 (3d Cir. 2009), in which a writ of *certiorari* has been granted in *Dillon v. United States*, 130 S.Ct. 797 (Dec. 7, 2009).

## CONCLUSION

Based on the record below, and the points and authorities cited, the district court did not abuse its discretion when it granted Woods' motion for reduction of sentence. This Court should affirm the judgment of the district court.

    Respectfully submitted,

    CARTER M. STEWART
    United States Attorney


    *s/William E. Hunt*
    WILLIAM E. HUNT (0024951)
    First Assistant United States Attorney
    221 East Fourth Street
    Suite 400
    Cincinnati, Ohio 45202
    (513) 684-3711
    Fax: (513) 684-6710
    William.Hunt @usdoj.gov

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 30(b), Appellee United States hereby designates the following district court documents as relevant:

| Record number | Description |
| --- | --- |
| 1733 | Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC § 3582 |
| 1738 | Response in Opposition |
| 1769 | Reply to Response |
| 1775 | Order Granting Motion to Reduce Sentence |
| 1780 | Notice of Appeal |
| 1784 | Order |
| 1786 | Order |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Brief for Plaintiff-Appellee United States of America was served by regular U.S. Mail on Antwan Woods, #63844-061, USP Leavenworth, U.S. Penitentiary, P.O. Box 1000, Leavenworth, KS 66048, this 12th day of April, 2010.

> *s/William E. Hunt*
> WILLIAM E. HUNT
> First Assistant United States Attorney